## RUECKERT *v.* SICKING.

*Injunction—Adequate remedy at law—Damages for trespass by adjoining owner removing lateral support—Continued trespass enjoined—Adjoining owner's property grade drains water and earth upon neighbor.*

1. Injunction will not lie in favor of a plaintiff, who has graded his lot and erected a house thereon, to restrain the trespass of the defendant, an adjoining lot owner, who subsequently graded the front of his lot to a lower level than that of plaintiff's and thus removed plaintiff's lateral support, causing a constant falling away of soil of plaintiff's lot on to the premises of defendant. Plaintiff has an adequate remedy at law for damages.

2. Where the defendant in such case has so constructed his cement walk along his dwelling house and garage as to cause the water falling thereon to be carried on to plaintiff's property, and has so graded the rear of his lot as to cause the water to drain on to plaintiff's premises, carrying earth with it, thus causing slides which constantly encroach on plaintiff's land, the plaintiff is entitled to an injunction restraining such continued trespass.

(Decided July 9, 1923.)

APPEAL: Court of Appeals for Hamilton county.

*Messrs. Schorr & Wesselmann,* for plaintiff.
*Mr. Walter K. Sibbald,* for defendant.

BUCHWALTER, J. The plaintiff and defendant own adjoining lots on Ohio avenue, Cincinnati, Ohio. The plaintiff's lot has a diagonal frontage of about thirty-five feet on Ohio avenue, the width

[1] Adjoining Landowners, 1 C. J. § 75; [2] Id., 1 C. J. § 17.

cf the lot being about thirty feet, the depth about two hundred and fifty. Defendant's lot adjoins the south line of plaintiff's property, and has a width of about forty feet and a depth similar to that of plaintiff's lot.

Prior to 1912, these lots were unimproved. For a strip of about five feet along the sidewalk line, the lots were practically level with the sidewalk; then came a knoll, covering both lots. Westwardly from this knoll, the surface of the two properties declined rapidly toward a hollow or ravine in the rear.

In 1912, the plaintiff graded her lot and built a house thereon. The earth which was removed in cutting down the knoll, leveling the lot, and excavating the cellar, was moved westwardly toward the rear of the lot and used as a fill, which now forms a portion of the back yard.

Defendant purchased his lot in 1914, and proceeded to grade the same and erect a dwelling thereon. At this time, the grading of plaintiff's lot had been finished. The defendant graded to a lower lever in front than the level of plaintiff's lot, and moved the excess earth from such grading, and the earth from excavation of the cellar, westwardly on his lot, so as to level off the same toward the rear.

Both lots still have a very sharp decline westwardly at the rear end.

Plaintiff placed planking along the dividing line for a distance of about thirty feet from the front of her lot westwardly, to retain the level of her ground, which was about a foot higher than the level of defendant's property. The rear of defend-

ant's lot is so filled that a portion of it is higher than the lot of the plaintiff.

Defendant constructed a cement sidewalk along the north side of his lot, which has at the northerly portion of it a depression or shallow gutter. The water from this sidewalk is collected and flows on the defendant's property at about the division line, and then over on to the property of the plaintiff. At the rear end of this sidewalk the defendant's lot has been so filled that it is higher than the property of the plaintiff for a distance of about twenty-three feet. The water drains from this portion of his lot over the land of the plaintiff, and carries with it from time to time some of the earth from the fill.

About August 1, 1921, after the suit was filed, the defendant erected a garage a short distance westwardly from the rear of his house. Rain collecting on the roof of this garage is carried through a downspout to a portion of the fill on defendant's land, so that it flows over and on to the plaintiff's premises. By a supplemental petition, plaintiff also asks that this continued trespass from water from the garage be enjoined.

Plaintiff asks for a permanent injunction restraining trespasses on the part of defendant in the following particulars:

First. That by the removal by defendant of the lateral support of the front of plaintiff's lot there is a constant falling away of the soil of plaintiff's land on to the premises of defendant.

Second. That defendant has so constructed the cement walk along the dwelling house as to cause

the water falling thereon to be carried on to plaintiff's property.

Third. That the fill on the rear portion of defendant's lot causes the water from the fill to drain on to plaintiff's premises, carrying with it some of the earth from the fill, and causing slides which constantly encroach on plaintiff's land.

Fourth. That the water from the roof of the garage is conducted through a downspout and deposited on the defendant's land in such way that it flows over on to plaintiff's premises.

As to the first claim, plaintiff had an adequate remedy at law for damages, and cannot now ask for an injunction. She placed planking to secure the earth from slipping, at which time she could have been compensated in damages for the removal of the lateral support to her land. She is not now entitled to equitable relief.

As to the other matters in dispute, we find the equities are with the plaintiff, and, as these trespasses are continuing, an injunction will be granted.

A decree may be drawn similar to the decree of the Court of Common Pleas, save and except that portion of the decree referring to the lateral support of the front of plaintiff's premises, for which no relief will be granted.

*Decree accordingly.*

CUSHING and HAMILTON, JJ., concur.